Edmund J. Gorman, Jr.
NV Bar # 11518
335 W. First St.
Reno, NV 89503
(775)622.3274
ejgormanjr@ejgormanlaw.com
*Counsel for Plaintiff Kracksmith, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KRACKSMITH, INC., a California corporation, doing business as AMERICAN BUSINESS FUND,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL AND COMPANY, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 3:16-cv-00522<br>ORDER GRANTING **STIPULATION FOR ENTRY OF CONSENT JUDGMENT** |

THIS STIPULATION FOR ENTRY OF CONSENT JUDGMENT ("Stipulation") is made as of the date hereof, by and among the parties hereto, as indicated by their signatures below, to settle and resolve with finality all claims of the Plaintiff relating to the subject matter of this action which have been or could have been asserted by the Plaintiff.

Plaintiff and Defendant now hereby stipulate as follows:

### RECITALS

1. Plaintiff commenced this action on September 7, 2016, asserting various claims for monetary, equitable and injunctive relief against Defendant;

2. Defendant denies each and every one of Plaintiff's allegations of breach of contract, unlawful conduct or wrongdoing;

3. Plaintiff and Defendant wish to avoid the further expense, delay, inconvenience, burden and uncertainty of continued litigation of this matter (including appeals from any verdict);

4. Plaintiff and Defendant have agreed to settle this lawsuit on terms set forth in this Stipulation and Stipulation for Entry of Consent Judgment; and

5. The parties hereby jointly petition the Court for entry of this stipulation as a Consent Judgment;

NOW, THEREFORE, in consideration of the promises of the parties made herein, including the payment of certain funds from Defendant to Plaintiff, the sufficiency of which is hereby acknowledged, the parties hereto, acting by and through their authorized agents and counsel, memorialize and agree as follows:

## I. GENERAL PROVISIONS

**A. Jurisdiction.**

6. The Plaintiff and the Defendant acknowledge and admit that this Court has jurisdiction over the subject matter of this action and over each of the parties to this Stipulation, and that this Court shall retain jurisdiction for the purposes of implementing and enforcing this Stipulation.

7. The parties hereto agree to present any disputes under this Stipulation, including without limitation any claims for breach or enforcement of this Stipulation, exclusively to this Court.

8. The Court may enter a Consent Judgment in the form attached hereto as <u>Exhibit A</u>. The cumulative terms of this Stipulation and Stipulation for Entry of Consent Judgment, and the attached Consent Judgment, may be referred to for convenience as this "Agreement" or "Stipulation."

**B. Voluntary Agreement of the Parties.**

9. The Plaintiff and the Defendant acknowledge and agree that this Stipulation is voluntarily entered into by all parties hereto as the result of arm's-length negotiations during which all such parties were represented by counsel. Defendant and its assigns, affiliates, agents, and successors hereby waive

any right to challenge this Agreement or the Consent Judgment, directly or through third parties, on the ground that any term hereof is unconstitutional, outside the power or jurisdiction of the Court, preempted by or in conflict with any current or future federal legislation (except where non-economic terms of future federal legislation are irreconcilable).

## II.   SETTLEMENT

**A. Settlement.**

10. The payments including any transfer of assets to be made by the Defendant under this Stipulation are in satisfaction of all of the Plaintiff's asserted or potential claims for damages incurred by the Plaintiff in the year of such payment or earlier years related to the subject matter of this action, including, without limitation, claims for equitable and injunctive relief, claims for expenditures and claims for punitive damages, except that no part of any payment under this Stipulation is made in settlement of an actual or potential liability for a fine, penalty (civil or criminal) or enhanced damages.

11. Each party shall be responsible for payment of its own attorneys' fees and costs.

**B. Settlement Amount.**

12. For consideration herein, Plaintiff hereby discounts the amount it asserts is outstanding to One Million Dollars ($1,000,000.00), and judgment shall enter against Defendant for this amount, subject to the following conditions:

   i) Plaintiff reasserts and Defendant acknowledges Plaintiff's full security lien against all assets of Defendant as provided in the Loan Agreement between the parties (and more particularly described in the Complaint of September 7th, 2016), including 2809 and 2811 W. Grand Ave., Alhambra, CA 91803 as collateral until Settlement Amount is paid in full.

   ii) Plaintiff agrees to allow Defendant to retain title to and possession of its real property at 2809 and 2811 W. Grand Ave., Alhambra, CA 91803 for a period of up to sixty months from the date of Final Approval. At the end of the sixty calendar months, if Defendant still retains title to its real property at 2809 and 2811 W. Grand Ave., Alhambra, CA Defendant agrees to execute

all required documents to evidence the convey title to the properties at 2809 and 2811 W. Grand Ave., Alhambra, CA 91803 to Plaintiff or Plaintiff's assignee.

    iii) If Defendant shall sell or otherwise convey the property at 2809 and 2811 W. Grand Ave., Alhambra, CA 91803 within sixty months from Final Approval, all proceeds of the sale are to be paid directly or at close of escrow to Plaintiff or Plaintiff's assignee, until Defendant's obligation to Plaintiff is satisfied in full.

    iv) Plaintiff and Defendant consent to Plaintiff's existing rights to continue pursuing collection efforts against Guarantors as provided under Continuing Guaranty (as more particularly described in the Complaint of September 7th, 2016).

    v) Defendant agrees to not further encumber any of its assets beyond those encumbrances already in existence as of the date of this Stipulation.

    vi) Plaintiff agrees that any money received from its collection efforts against the Guarantors will be applied towards the Settlement Amount.

    vii) Subject to condition of default set forth below, Plaintiff hereby agrees to apply all payments received by Defendant to principal at zero percent interest for sixty months.

**C. Settlement Payments to the Plaintiff.**

13. Defendant shall cause to be transferred or paid to Plaintiff or Plaintiff's assignee:

    i) all rents received net of expenses from pledged property located at 2809 and 2811 W. Grand Ave., Alhambra, CA 91803 each month by the 5th of each calendar month;

    ii) all money received from business activities net of expenses of Defendant each month by the 5th of each calendar month.

    iii) all other money net of expenses as outlined and evidenced by UCC statement each month by the 5th of each calendar month.

## D. Payment Defaults.

14. In the event that the Defendant fails to make any payment required of it according to Section C by the applicable date (a "Missed Payment"), the Plaintiff shall provide notice of default to the Defendant. The Defendant shall have 15 days after receipt of such notice to satisfy the Missed Payment, together with interest accrued from the original applicable due date at the prime rate as published in the Wall Street Journal on the latest publication date on or before the date of default plus 3%.

15. If the Defendant does not make such payment within such 15-day period, the Plaintiff shall provide a second notice to the Defendant of such non-payment.

16. In the event that the Plaintiff does not receive the Missed Payment, together with such accrued interest, within the additional 15-day period, all payments required to be made by the Defendant under this Stipulation shall at the end of such additional 15-day period be accelerated and shall immediately become due and owing to the Plaintiff, and Plaintiff shall be entitled to realize upon the security given by Defendant, and pursue all other available remedies at law and equity.

## III.   DISMISSAL OF CLAIMS AND RELEASES

### A. Resolution of Claims.

17. This Stipulation shall be entered as a consent judgment against Defendant, and shall fully resolve all claims of the Plaintiff asserted in the Complaint of September 7th, 2016.

18. Upon entry of this Stipulation as a consent judgment, the case shall be fully resolved and closed without further action by the Parties hereto, subject to the Court's continuing jurisdiction to enforce the terms of this Stipulation.

19. The Court shall retain jurisdiction over this action and the parties to the extent necessary to enforce the provisions of this Stipulation.

### B. Plaintiff's Release and Discharge.

20. Upon entry of this Stipulation as a consent judgment, the Plaintiff shall release and forever discharge the Defendant and its present and former parents, subsidiaries (whether or not wholly owned) and affiliates, and their respective divisions, organizational units, officers, directors, employees, representatives, insurers, suppliers, agents, attorneys and distributors (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) from any and all manner of civil claims, demands, actions, suits and causes of action, damages whenever incurred, liabilities of any nature whatsoever, including civil penalties, as well as costs, expenses and attorneys' fees, known or unknown, suspected or unsuspected, whether legal, equitable or statutory ("Claims") that the Plaintiff (including any of its past, present or future administrators, representatives, employees, officers, attorneys, agents, representatives, officials acting in their official capacities, agencies, departments, commissions, and divisions, and whether or not any such person or entity participates in the settlement), whether directly, indirectly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have for past conduct, as to any Claims relating to the subject matter of this action which have been asserted or could be asserted now or in the future in this action or a comparable state action by The Plaintiff; and

21. The Plaintiff hereby covenants and agrees that it shall not hereafter sue or seek to establish civil liability against Defendant covered by the release provided under Paragraph III.B based, in whole or in part, upon any of the Released Claims, and the Plaintiff agrees that this covenant and agreement shall be a complete defense to any such civil action or proceeding.

C. **Defendant' Release and Discharge.**

22. Upon entry of this stipulation as a judgment, Defendant shall release and forever discharge the Plaintiff (including any of its past, present or future administrators, representatives, employees, officers, attorneys, agents, representatives, officials acting in their official capacities, agencies, departments, commissions, and divisions, and whether or not any such person or entity participates in the settlement) from any and all manner of civil claims, demands, actions, suits and causes of action, damages

whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued or unaccrued, whether legal, equitable or statutory, arising out of or in any way related to, in whole or in part, the subject matter of the litigation of this lawsuit, that Defendant (including any of their present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees, witnesses (fact or expert), representatives, insurers, agents, attorneys and distributors and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing, and whether or not any such person participates in the settlement), whether directly, indirectly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have.

## V.   MISCELLANEOUS PROVISIONS

### A. Representations of Parties.

23. The respective parties hereto hereby represent that this Stipulation has been duly authorized and, upon execution, will constitute a valid and binding contractual obligation, enforceable in accordance with its terms, of each of the parties hereto. The Plaintiff represents that all of its outside counsel that have represented it in this action are, by and through their authorized representatives, signatories to this Stipulation.

### B. Court Approval.

24. The Parties hereby submit this Stipulation to the Court for its review and approval. If the Court declines to approve this Stipulation, this Stipulation shall be void.

25. If the Court, as a condition of approval or otherwise, requires any change in the Agreements which any signatory is unwilling to make, this Stipulation shall be void.

26. If the Court approves the Stipulation as submitted, the Agreement will be final and binding upon all Parties.

**C. Obligations Several and Joint.**

27. All obligations of the Defendant pursuant to this Stipulation are intended to be and shall remain several, and joint to any third parties known or unknown.

**D. Headings.**

28. The headings of the paragraphs of this Stipulation are not binding and are for reference only and do not limit, expand or otherwise affect the contents of this Stipulation.

**E. No Determination or Admission.**

29. This Stipulation and any proceedings taken hereunder are not intended to be and shall not in any event be construed as, or deemed to be, an admission or concession or evidence of any liability or any wrongdoing whatsoever on the part of any party hereto or any person covered by the releases provided in this Stipulation. The Defendant specifically disclaims and denies any liability or wrongdoing whatsoever with respect to the allegations and claims asserted against them in this action and enter into this Stipulation solely to avoid the further expense, inconvenience, burden and uncertainty of litigation.

**F. Non-Admissibility.**

30. The settlement negotiations resulting in this Stipulation have been undertaken by the parties hereto in good faith and for settlement purposes only, and neither this Stipulation nor any evidence of negotiations hereunder shall be offered or received in evidence in this action, or any other action or proceeding, for any purpose other than in an action or proceeding arising under this Stipulation.

**G. Amendment; Waiver.**

31. This Stipulation may be amended only by a written instrument executed by the Plaintiff, its assignees, or its authorized representatives and the Defendant. The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving party. The

waiver by any party of any breach of this Stipulation shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Stipulation.

**H. Notices.**

32. All notices or other communications to any party to this Stipulation shall be in writing and shall be given to the respective parties hereto at the following addresses. Any party hereto may change the name and address of the person designated to receive notice on behalf of such party by notice given as provided in this paragraph.

For the Plaintiff:

Kracksmith, Inc.
c/o William Stocker
1613 Chelsea Road, #111
San Marino, CA 91108
Ph: (213) 291-7781

For Defendant:

Mitchell and Company, Inc.
202 N. Curry Street, #100
Carson City, NV 89703
(765)543-5584

**I. Cooperation.**

33. The parties hereto agree to use their best efforts and to cooperate with each other to cause this Stipulation to become effective, and to execute all documents and to take such other action as may be appropriate in connection therewith. Consistent with the foregoing, the parties hereto agree that they will not directly or indirectly assist or encourage any challenge to this Stipulation by any other person. All parties hereto agree to support the integrity and enforcement of the terms of this Stipulation.

**J. Governing Law.**

34. This Stipulation shall be governed by the laws of the Nevada, or Arizona without regard to the conflicts of law rules of such state.

**K. Construction.**

35. None of the parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

**L. Severability.**

36. Subject to the provisions of Paragraph V.B., the terms of this Agreement are severable. If any term of this Agreement is found to be unlawful, the remaining terms shall remain in full force and effect, and the parties agree to negotiate a substitute term of equivalent value.

**M. Intended Beneficiaries.**

37. This action was brought by the Plaintiff, through its attorney of record. No portion of this Stipulatoin shall provide any rights to, or be enforceable by, any person or entity that is neither a party hereto nor a person encompassed by the releases provided in this Stipulation.

**N. Counterparts.**

38. This Stipulation may be executed in counterparts. Facsimile or photocopied signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Stipulation.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Comprehensive Stipulation and Release as of this _____ 2016.

EDMUND J. GORMAN JR.,
ATTORNEY AT LAW, LTD.

By: _____
Edmund J. Gorman Jr.
Attorney for Kracksmith, Inc.
Plaintiff

MITCHELL AND COMPANY, INC.,
a Nevada corporation

By: _____
Guinness Ohazuruike, Esq
Attorney for Mitchelle And Company, Inc.
Defendant

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED this 19th day of October, 2016